UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CLARENCE WAGENAAR and KMI ZEOLITE, INC.<br><br>Plaintiffs,<br><br>v.<br><br>NATHAN ROBISON; DIANE RANEY; RAMM CORP GALTAR, LLC; ROBINSON ENGINEERING, INC.; BUREAU OF LAND MANAGEMENT; and GALTAR LLC,<br><br>Defendants. | Case No. 2:13-cv-01202-APG-PAL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(Dkt. No. 7) |

## I. BACKGROUND

On July 9, 2013, Clarence Wagenaar and KMI Zeolite, Inc. ("KMI Zeolite") filed their Complaint in this Court, seeking the remedies of accounting, injunctive relief, declaratory relief, and damages for the tort of intentional interference with contractual relations.[1] Plaintiffs seek damages "in excess of $10,000," for the pleaded claim and also for each of the unpleaded claims of conversion and civil conspiracy.[2]

The allegations supporting the claim are difficult to decipher, but seem to relate to a mining operation in Amargosa, Nevada which resulted in a trespass upon land owned by the Bureau of Land Management ("BLM"). In relevant part, the allegations seem to concern actions taken by defendant Galtar LLC at the mine site which resulted in the trespass, and statements or allegations made by Galtar LLC and by other defendants to BLM during BLM's administrative adjudication of the trespass action.

---

[1] (Compl., Dkt. No. 1.)

[2] Plaintiffs mention conversion and civil conspiracy only as part of their "Prayer for Relief," and do not plead them as distinct claims. (*Id.* at 4–5.)

Galtar LLC is the only remaining defendant, as the others have been dismissed by stipulation or because of Plaintiffs' failure to properly serve them with process.[3] In the Complaint, Plaintiffs do not allege the domicile of Wagenaar, and they allege that KMI Zeolite is a Nevada limited liability company.[4] However, the Nevada Secretary of State lists KMI Zeolite as a "foreign corporation" apparently out of Canada.[5] As to the remaining defendant, Plaintiffs allege that Galtar LLC is a Nevada limited liability company.[6]

Galtar LLC has moved for dismissal with prejudice on multiple grounds: (1) lack of subject matter jurisdiction under Rule 12(b)(1); (2) failure to state a claim under Rules 8(a)(1) and 12(b)(6); (3) failure to file the tort claim within the applicable statute of limitations; (4) failure to exhaust administrative remedies; (5) Nevada's anti-strategic lawsuit against public participation ("anti-SLAPP") statute;[7] and (5) the *Noerr-Pennington* doctrine.[8]

## II. ANALYSIS

### A. Subject Matter Jurisdiction — Fed. R. Civ. P. 12(b)(1)

Two grounds exist for subject matter jurisdiction in federal court: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.[9] In a case filed initially in federal court, the plaintiff has the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists.[10]

---

[3] (Dkt. Nos. 18, 21, 26.)

[4] (Compl. ¶ 2.)

[5] The Court may take judicial notice of the Secretary of State's entity information. *See Smelt v. Cnty. of Orange*, 447 F.3d 673, 676 n.4 (9th Cir. 2006); 1 CLIFFORD S. FISHMAN & ANNE T. MCKENNA, JONES ON EVIDENCE § 2:86 (7th ed. 2013) ("Because judicial notice may be taken of public or official records, a court may take judicial notice of a corporate defendant's articles of incorporation which were filed with the Secretary of State.").

[6] (Compl. ¶ 1.)

[7] NRS § 41.660.

[8] (Mot. Dismiss, Dkt. No. 7.)

[9] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

[10] *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

The federal question statute provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[11] Plaintiffs' poorly-pleaded claim (or claims, if the allegations in the Prayer for Relief are interpreted as asserting conversion, civil conspiracy and unjust enrichment) are torts arising under state law, and thus the Court does not have federal question jurisdiction.

Diversity jurisdiction requires that all plaintiffs be "citizens of different states" from all defendants (i.e., "complete diversity"), and that the amount in controversy exceeds $75,000.[12] A corporation is a citizen of both its state of incorporation and the state where its principal place of business is located.[13] "[A]n LLC is a citizen of every state of which its owners/members are citizens."[14]

As to diversity jurisdiction, it is unclear whether the parties are completely diverse and whether the amount in controversy exceeds $75,000. Wagenaar's domicile is unknown, and he could very well be domiciled in Nevada. Although KMI Zeolite's place of incorporation is not Nevada, its principal place of business could be in Nevada. The citizenship of Galtar LLC's members is unknown, and thus it could be that Galtar LLC is a citizen of Nevada. Moreover, there is scant basis in the Complaint to conclude that the amount in controversy is likely to exceed $75,000.

Ordinarily I would request more evidence as to diversity jurisdiction, but I need not take that step because dismissal is also warranted for failure to state a claim under Rule 12(b)(6).

### B.  Legal Standard — Fed. R. Civ. P. 8(a), 12(b)(6)

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."[15] While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the

---

[11] 28 U.S.C. § 1331.

[12] *Id.* § 1332(a), (b).

[13] *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 714 (9th Cir. 2014).

[14] *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

[15] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

elements of a cause of action."[16] "Factual allegations must be enough to rise above the speculative level."[17] To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face."[18]

District courts must apply a two-step approach when considering motions to dismiss.[19] First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor.[20] Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations.[21] Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[22]

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[23] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[24] Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief."[25] When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed.[26] "Determining whether a complaint states a plausible claim for

---

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[17] *Twombly*, 550 U.S. at 555.

[18] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

[19] *Id.* at 679.

[20] *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013).

[21] *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.

[22] *Iqbal*, 556 U.S. at 678.

[23] *Id.* at 679.

[24] *Id.* at 663.

[25] *Id.* at 679 (internal quotation marks and citation omitted).

[26] *Twombly*, 550 U.S. at 570.

relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense."[27]

### C. Plaintiffs' Tort Claim

Plaintiffs admit in their response to Galtar LLC's motion that they have failed to state a claim upon which relief can be granted.[28] I agree, as Plaintiffs' allegations are nearly indecipherable. Accordingly, I grant Galtar LLC's motion on this ground. The dismissal is without prejudice because Plaintiffs may be able to plead additional facts, if such facts exist, to support their claim. Inasmuch as Galtar LLC relies on the statute of limitations to contend that Plaintiffs cannot plead a viable claim, I decline to conclusively rule whether the statute of limitations precludes Plaintiffs' claim because there are issues concerning when Plaintiffs' claim accrued, when the statute began to run, and whether the statute has been or should be tolled that cannot be resolved on the information presently before me.

The remaining issues are whether Galtar LLC's costs and attorney's fees are warranted under Nevada's anti-SLAPP statute or the federal *Noerr-Pennington* doctrine.

### D. Anti-SLAPP & *Noerr-Pennington*

The principals behind Nevada's anti-SLAPP statute and the *Noerr-Pennington* doctrine are essentially the same. Both are grounded in the rights of petition and free speech under the state and federal constitutions, and both provide a privilege against suit if the basis of that suit is good-faith communication made to any department of the government to petition for redress.[29]

Here, Galtar LLC fails to sufficiently indicate how the allegations in the Complaint relate to communications it made to the BLM as part of Galtar LLC's ongoing administrative appeal regarding the trespass. Galtar LLC submitted 39 pages of alleged communications between it and the BLM,[30] but Galtar LLC provides no direction as to which portions of those 39 pages are

---

[27] *Iqbal*, 556 U.S. at 679.

[28] (Opp'n to Def.'s Mot. Dismiss 2, Dkt. No. 13.)

[29] *See Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1006 (9th Cir. 2008); *Moonin v. Nev. ex rel. Dep't of Pub. Safety Highway Patrol*, 960 F. Supp. 2d 1130, 1146 (D. Nev. 2013).

[30] (Dkt. Nos. 7-6, 7-7.)

relevant to Plaintiffs' allegations.[31] As the Seventh Circuit observed in its now familiar maxim, "[j]udges are not like pigs, hunting for truffles buried in briefs."[32] I thus decline to scour those 39 pages to decipher whether Plaintiffs' allegations are rooted therein. Furthermore, at least one of Plaintiffs' allegations appears to relate to Galtar LLC's activities at the mine site rather than to Galtar LLC's communications with the BLM: "On January 12, 2008, Galtar LLC directed RAMM to move dirt in Amargosa[,] Nevada that caused BLM trespass."[33]

Accordingly, I deny Galtar LLC's request for attorney's fees and costs under Nevada's anti-SLAPP statue and the *Noerr-Pennington* doctrine.

### III. CONCLUSION

In accord with the above, I hereby order:

1. Galtar LLC's motion to dismiss (Dkt. No. 7) is GRANTED.
2. Plaintiffs may amend the Complaint within 30 days of the entry of this Order if sufficient facts exist to do so. If Plaintiffs do not file an amended complaint within that time, this case will be dismissed.
3. Galtar LLC's request for costs and attorney's fees is DENIED.

DATED this 21st day of August, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[31] (*See* Mot. Dismiss 16.)

[32] *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

[33] (Compl. ¶ 13.)